# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| PEDRO JIMENEZ-GEORGES | ) | 25-MJ-654 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 25, 2025 in the county of Philadelphia in the Eastern District of Pennsylvania, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Pedro Jimenez-Georges, an alien, and native and citizen of the Dominican Republic, who had previously been removed from the United States on or about October 16, 2018, was found in the United States, having knowingly and unlawfully reentered the United States without first applying to the Attorney General or her successor, the Secretary for the Department of Homeland Security, for permission to reapply for admission, and without receiving in response the express consent to reapply for admission, in violation of 8 U.S.C. § 1326(a). |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

/s/ Bryan A. Pachini
*Complainant's signature*

Bryan Pachini, ICE Deportation Officer
*Printed name and title*

Sworn to before me via telephone and signed.

Date: _____

/s/ Craig M. Straw 3-26-2025
*Judge's signature*

City and state: Philadelphia, PA

HON. CRAIG M. STRAW, USMJ
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 25-mj-654 |
| | : | |
| PEDRO JIMENEZ-GEORGES | : | |

## AFFIDAVIT IN SUPPORT OF CRMINAL COMPLAINT AND ARREST WARRANT

1.     I, Bryan A. Pachini, am a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served as a Deportation Officer with ICE since April 4, 2016. As a Deportation Officer, I conduct investigations related to violations of the Immigration and Nationality Act, specifically of foreign-born nationals who have been deported from the United States and who have subsequently re-entered the United States illegally. I am currently assigned to the ICE Enforcement and Removal Operations ("ERO") Philadelphia, Pennsylvania Field Office and my duties include investigating violations of Title 8 of the United States Code ("U.S.C") to include violations of immigration offenses.

2.     I have prepared this affidavit in support of a criminal complaint and arrest warrant for Pedro JIMENEZ-GEORGES ("JIMENEZ-GEORGES"), AKA Edwin QUEZADA-JIMENEZ, because there is probable cause to believe JIMENEZ-GEORGES is an alien, that is, an individual who is not a citizen or national of the United States, who re-entered the United States after removal, in violation of 8 U.S.C. § 1326(a).

3.     This affidavit is based on information I obtained from my personal observations, my training and experience, review of documentary evidence, and information provided to me by other members of the investigation. Because this affidavit is submitted only for the limited

1

purpose of establishing probable cause for a criminal complaint and arrest warrant, it does not include all information known to the government as a result of the investigation.

4. On March 13, 2025, I received information that JIMENEZ-GEORGES may be living at 6140 Tackawanna Street, Philadelphia, Pennsylvania 19149.

5. On March 13, 2025, I conducted a check in the National Crime Information Center ("NCIC") database for JIMENEZ-GEORGES's criminal history, as well as his immigration history. Under the FBI number provided 57758VC8, I discovered that JIMENEZ-GEORGES had previous encounters with immigration authorities. Further checks in DHS databases were conducted for JIMENEZ-GEORGES's immigration history in the United States.

6. Based on my training and experience, I know that ICE maintains a file on all aliens encountered by ICE. This file, known as the Alien File ("A File"), contains documentation relating to the alien, including his/her photograph, warrants of deportation, fingerprints, documents reflecting criminal history, documents reflecting the country of citizenship, and other documents. Each alien is assigned an identification number, referred to as the "Alien Number." A Search of ICE databases revealed that Pedro JIMENEZ-GEORGES was assigned Alien Number 088 346 021.

7. On March 13, 2025, based on my review of DHS electronic databases, I found that JIMENEZ-GEORGES was encountered on January 7, 2008, by United States Border Patrol ("USBP") in Edinburg, Texas and was illegally in the United States. JIMENEZ-GEORGES was served with a Notice of an Expedited Removal Order. JIMENEZ-GEORGES expressed fear of return to his native Dominican Republic and on March 5, 2008, United States Citizenship and Immigration Services ("USCIS") referred his case to immigration court. On March 14, 2008, USCIS served JIMENEZ-GEORGES with a Notice to Appear pursuant to Section

212(a)(6)(A)(i)) of the Immigration and Nationality Act. On June 4, 2008, JIMENEZ-GEORGES failed to appear at his immigration hearing in San Antoino, Texas. At that hearing, an immigration judge ordered JIMENEZ-GEORGES removed from the United States.

8.      JIMENEZ-GEORGES remained at large until he was encountered on October 16, 2014 in Philadelphia and charged with Possession with Intent to Distribute in the Philadelphia Court of Common Pleas. While that case was pending, ICE encountered JIMENEZ-GEORGES on September 28, 2018 and executed the outstanding order of removal from June 2008.

9.      On or about October 16, 2018, JIMENEZ-GEORGES was deported, pursuant to the June 2008 removal order, through Alexandria, Louisiana back to the Dominican Republic. A Form I-205, Warrant of Deportation/Removal, was executed bearing JIMENEZ-GEORGES' signature, photograph, and fingerprint and the signatures of the immigration officials who witnessed his departure.

10.     On May 18, 2022, JIMENEZ-GEORGES was seen in the area of Fanshawe Street and Battersby Street in Philadelphia, Pennsylvania, by an ICE official, while he was conducting surveillance for the Federal of Bureau of Investigations ("FBI") Task Force Unit during a drug trafficking investigation. No action was taken at that time so as not to compromise the ongoing drug investigation. JIMENEZ-GEORGES was unable to be located again during that investigation.

11.     On March 13, 2025, I was assigned JIMENEZ-GEORGES's case in order to locate and arrest him for illegal re-entry into the United States. On March 25, 2025, ICE officials were conducting surveillance and observed JIMENEZ-GEORGES exit 6140 Tackawanna Street, Philadelphia, Pennsylvania. His identity was confirmed after review of available photographs, including his recent Pennsylvania Driver's License photograph. ICE

officials made contact with JIMENEZ-GEORGES after conducting a vehicle stop. At that time, JIMENEZ-GEORGES presented a Pennsylvania Driver's License in the name Edwin QUEZADA-JIMENEZ.

12. Following his arrest, JIMENEZ-GEORGES was transported to the ICE Philadelphia Field Office for processing. An electronic comparison of his fingerprints confirmed he was the same person removed from the United States on October 16, 2018.

13. On March 13, 2025, based on my review of Department of Homeland Security electronic databases, I make the following conclusions:

   a. JIMENEZ-GEORGES is a citizen and national of Dominican Republic.

   b. The complaint and affidavit correctly reflect JIMENEZ-GEORGES's name and date of birth.

   c. I found that JIMENEZ-GEORGES was encountered on January 7, 2008, by USBP in Edinburg, Texas and was illegally in the United States. On June 4, 2008, an immigration judge ordered JIMENEZ-GEORGES to be removed from the United States.

   d. The United States, pursuant to a Warrant of Deportation/Removal, removed JIMENEZ-GEORGES on or about October 16, 2018, through Alexandria, Louisiana back to the Dominican Republic.

   e. A search of DHS databases revealed that JIMENEZ-GEORGES has never sought permission of the United States Attorney General, or her successor, the Secretary of the Department of Homeland Security, to re-enter as required by 8 U.S.C. § 1360(d).

14. Based on all of the foregoing, I respectfully submit that the facts set forth in this Affidavit demonstrate that there is probable cause to conclude that Pedro JIMENEZ-GEORGES illegally re-entered the United States after removal in violation of 8 U.S.C. § 1326(a). I therefore respectfully ask that the Court issue a warrant ordering his arrest for such crime.

/s/ Bryan A. Pachini<br>
BRYAN A. PACHINI<br>
Deportation Officer<br>
Immigration and Customs Enforcement

Sworn to and subscribed before me telephonically
this _____ day of March, 2025

/s/ Craig M. Straw 3-26-2025
_____
HONORABLE CRAIG M. STRAW
United States Magistrate Judge

5